# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: FY 2022 ADJUSTMENT OF
STATUS DELAY LITIGATION**                                    MDL No. 3045

## ORDER DENYING TRANSFER

**Before the Panel**:  Plaintiffs in the actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California.  This litigation consists of twenty-two actions pending in thirteen districts, as listed on Schedule A.[1]  Plaintiffs in these actions are foreign nationals who allege that the United States Citizenship and Immigration Services (USCIS) has unreasonably delayed adjudication of their applications for adjustment of status to permanent residents and who seek an order directing USCIS to decide their applications before the close of fiscal year 2022.  Since the filing of the motion, the Panel has been notified of 36 related actions pending in thirteen districts.  Defendant Ur M. Jaddou, the Director of USCIS, opposes the motion.  Alternatively, defendant suggests centralization in the District of Nebraska or the Western District of Washington.

After considering the arguments of counsel,[2] we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  There undoubtedly are commonalities among these actions.  All are brought under the Administrative Procedure Act (APA) and allege that USCIS has unreasonably delayed adjudication of plaintiffs' adjustment of status applications.  Discovery in APA cases generally is minimal, as the cases are decided on the administrative record.  For this reason, centralization of APA record-review cases often is inappropriate.  *See, e.g.*, *In re Clean Water Rule: "Definition of Waters of the United States,"* 140 F. Supp. 3d 1340 (J.P.M.L. 2015) (denying centralization of regulatory challenges that would be decided on the administrative record); *In re Lesser Prairie-Chicken Endangered Species Act Litig.*, 109 F. Supp. 3d 1380 (J.P.M.L. 2015) (same).

Here, plaintiffs argue that they are entitled to discovery beyond the administrative record because they seek to prove that USCIS has unreasonably delayed a decision on their applications.  Each plaintiff purportedly will seek the same discovery from USCIS with respect to, *inter alia*,

---

[1] A twenty-third action on the motion was voluntarily dismissed on July 21, 2022.

[2] The Panel considered this motion on an expedited basis and without oral argument due to the time-sensitive nature of the motion and the relief sought by plaintiffs.  *See* Minute Order Granting in Part Pls.' Mot. to Expedite, MDL No. 2873 (J.P.M.L. July 21, 2022), ECF No. 10.

- 2 -

how the agency processes adjustment of status applications, how many adjudicators process these applications and how long it takes to process an application, and whether the agency has slowed down these adjudications intentionally.  But even assuming such discovery is permitted—a question we do not decide here—these actions also have significant plaintiff-specific components. Whether USCIS has acted unreasonably must be determined as to each plaintiff, and the administrative record as to each plaintiff will involve different facts regarding their application information and their adjudicative history.

Moreover, it is not apparent that centralization will result in more efficient litigation of plaintiffs' claims—or even of plaintiffs' common motions to obtain discovery beyond the administrative record.  The relief sought by plaintiffs is unusually time-sensitive—they seek an order directing USCIS to decide their adjustment of status applications by the end of the fiscal year (September 30, 2022), when it is alleged that the number of currently available employment-based immigration visas will decrease dramatically.  Centralization, though, is not an instantaneous process.  Dockets must be transferred between courts and the transferee court must take steps to organize the multiple actions before it can push the litigation forward.  In the usual litigation, these delays are quickly outweighed by the efficiencies and conveniences that centralization brings to the litigation as a whole.  On the short time frame envisioned here, however, even a delay of two weeks may prove critical.  In this instance, therefore, it seems to us that these cases can be more effectively and efficiently advanced, and resolution achieved more quickly, on an individual basis. Any overlap in the additional discovery sought by plaintiffs can be coordinated among the limited number of counsel (movants' counsel purports to represent all plaintiffs here) and by the courts.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton                 Matthew F. Kennelly
David C. Norton                     Roger T. Benitez
Dale A. Kimball                     Madeline C. Arleo

**IN RE: FY 2022 ADJUSTMENT OF**
**STATUS DELAY LITIGATION**                    MDL No. 3045

### SCHEDULE A

<u>District of Arizona</u>

CHANDRASEKHARAN, ET AL. v. JADDOU, C.A. No. 2:22−01117

<u>Central District of California</u>

KRISHNA, ET AL. v. JADDOU, C.A. No. 2:22−04129

<u>Eastern District of California</u>

VATSAVAI, ET AL. v. JADDOU, C.A. No. 2:22−01014
AIYYATHURAI, ET AL. v. JADDOU, C.A. No. 2:22−01046

<u>Northern District of California</u>

APTE, ET AL. v. JADDOU, C.A. No. 3:22−03574
VEMPATI, ET AL. v. JADDOU, C.A. No. 3:22−03645
MOHINDRU, ET AL. v. JADDOU, C.A. No. 4:22−03541
NAYAK, ET AL. v. JADDOU, C.A. No. 5:22−03542
GAWANDE, ET AL. v. JADDOU, C.A. No. 5:22−03650

<u>District of Massachusetts</u>

PARIKH, ET AL. v. JADDOU, C.A. No. 1:22−11112
DESAI, ET AL. v. JADDOU, C.A. No. 4:22−11040

<u>District of Nebraska</u>

PENMATHSA, ET AL. v. JADDOU, C.A. No. 4:22−03109

<u>District of New Jersey</u>

VAIBHAV, ET AL. v. JADDOU, C.A. No. 3:22−04188

<u>Eastern District of North Carolina</u>

KOSURI, ET AL. v. JADDOU, C.A. No. 5:22−00262

<u>Western District of North Carolina</u>

RAMASWAMY, ET AL. v. JADDOU, C.A. No. 3:22−00279

- A2 -

Western District of Tennessee

RAMIREDDY, ET AL. v. JADDOU, C.A. No. 2:22−02416

Eastern District of Texas

GUPTA, ET AL. v. JADDOU, C.A. No. 4:22−00504
KRISHNAPURAM, ET AL. v. JADDOU, C.A. No. 4:22−00505

Southern District of Texas

BAKANE, ET AL. v. JADDOU, C.A. No. 4:22−01965
BUDDHARAJU v. JADDOU, C.A. No. 4:22−01966
JOIS, ET AL. v. JADDOU, C.A. No. 4:22−02026

Western District of Texas

UPPAL, ET AL. v. JADDOU, C.A. No. 1:22−00632